UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Robert Bailey Parker | * | |
| 249 Meloney Road | * | |
| Upton, MD 21921 | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | Case No.: |
| | * | |
| KB HAULING, LLC | * | |
| 309 Whitney Ct. | * | |
| Havre De Grace, MD 21078 | * | |
|    Serve: Resident Agent | * | |
|        Kenneth Batten | * | |
|        309 Whitney Ct. | * | |
|        Havre De Grace, MD 21078 | * | |
| | * | |
| Kenneth Batten | * | |
| 309 Whitney Ct. | * | |
| Havre De Grace, MD 21078 | * | |
| | * | |
| Christopher Allyn Buckholtz | * | |
| 2211 Erin Way | * | |
| Bel Air, MD 21015 | * | |
| | * | |
| DEFENDANTS. | * | Jury Trial Requested |

*******************************************************************************

## COMPLAINT

Plaintiff, Robert Parker ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendant KB Hauling, LLC (hereinafter "KB Hauling"), Kenneth Batten (hereinafter "Batten") and Christopher Allyn Buckholtz (hereinafter "Buckholtz")(collectively "Defendants") to recover damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann, Lab. & Empl. §§ 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff Robert Parker is an adult resident of the State of Maryland. By participating as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA, the MWHL and the MWPCL.

2. Defendant KB Hauling, LLC, is a limited liability company formed under the laws of the State of Maryland with its principal office located at 309 Whitney Ct., Havre De Grace, MD 21078. KB Hauling is a trucking and transportation company operating and doing business throughout the State of Maryland.

3. Defendant Kenneth Batten is an adult resident of the State of Maryland. Defendant Batten owns, operates, and/or manages KB Hauling, LLC.

4. Defendant Christopher Allyn Buckholtz is an adult resident of the State of Maryland. Defendant Buckholtz owns, operates, and/or manages KB Hauling, LLC.

5. Plaintiff was employed by Defendants at KB Hauling as a driver/dispatcher, lead lumper and as a shift supervisor during his employ.

6. At all times material herein, KB Hauling, in the aggregate and in the individual, has had an annual gross volume of sales made or business done in an amount exceeding $500,000 and thus, qualifies as an "enterprise" within the meaning of § 3(r) of the FLSA.

7. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials related to trucking and transportation that were moved in or produced for interstate commerce. Thus, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce under §§ 206-207 of the FLSA.

8. At all times relevant, Defendants were Plaintiff's "employers" for purposes of the

FLSA, MWHL and the MWPCL.

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to, "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

10. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claims.

11. All alleged causes of actions can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## FACTS

12. Plaintiff worked for KB Hauling from approximately 2018 until approximately February 25, 2022.

13. From the beginning of Plaintiff's employment in 2018 to approximately November 2020, Defendants paid Plaintiff weekly at a rate between $80 to $200 per day for each run that he completed for Defendant Company.

14. From approximately December 2020 to end of his employment, Defendants paid Plaintiff weekly at an hourly rate between $20.00 and $25.00.

15. On or about December 19, 2021, Defendants reduced Plaintiff's pay from $25.00 per hour to $21.00 per hour.

16. On or about January 9, 2022, Defendants changed Plaintiff's pay again from $21.00 per hour to $22.00 hour. Defendants paid Plaintiff at the rate of $22.00 per hour from January 9, 2022, until the end of his employment.

17. During the Relevant Period, Plaintiff worked, on average, roughly forty-three (43)

hours per workweek at Defendant Company.

18. Plaintiff worked more than forty (40) hours per week for the vast majority of the weeks that he worked for Defendants.

19. At all times relevant during Plaintiff's employment, the Defendants were Plaintiff's "employers" for purposes of the FLSA, the MWHL and the MWPCL. Throughout Plaintiff's employment, Defendant Batten and Defendant Buckholtz:

  a. Had the power to hire, fire, suspend and otherwise discipline Plaintiff. Indeed, Defendant Batten hired and fired Plaintiff from KB Hauling;

  b. Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality. Indeed, Defendant Batten and Defendant Buckholtz supervised Plaintiff's work duties during his employ at Defendant Company;

  c. Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule. Indeed, Defendant Batten and Defendant Buckholtz set and controlled Plaintiff's work schedule during his employ at Defendant Company;

  d. Set and determined or had the power to set and determine Plaintiff's rate and method of pay. Indeed, Defendant Batten and Defendant Buckholtz set and determined Plaintiff's rate and method of pay during his employ at Defendant Company; and

  e. Controlled, and were in charge of KB Hauling's day-to-day operations.

20. Defendants' failure and refusal to pay Plaintiff the wages he rightfully earned as required by the FLSA, the MWHL and the MWPCL, including overtime at one-and-one-half times (1.5x) his regular rate, was willful and intentional, and was not in good faith.

21. Plaintiff retained undersigned counsel on January 11, 2022, to pursue claims against Defendant KB Hauling and Defendant Batten for violations of the FLSA, MWHL and MWPCL for unpaid wages.

22. Undersigned counsel prepared and sent a demand letter via electronic and regular mail to Defendant KB Hauling and Defendant Batten on February 16, 2022, outlining Plaintiff's claims for unpaid overtime wages and offering to negotiate a mutually beneficially resolution.

23. On or about February 24, 2022, Defendant Batten contacted Plaintiff, who was scheduled to work at Defendant Company that day and told him that he did not need Plaintiff to work that day at KB Hauling.

24. On or about February 25, 2022, nine (9) days after undersigned counsel sent the Defendants the aforementioned demand letter, Defendant Batten instructed Plaintiff to meet him at one of KB Hauling's offices and Plaintiff obliged. During their meeting, Defendant Batten discussed Plaintiff's employment, told him, "If you want to get a lawyer, go ahead. I've been through something like this before," and Defendant Batten terminated Plaintiff's employment at KB Hauling.

25. Defendants retaliated against Plaintiff by terminating him from Defendant Company for engaging in the protected activity of contesting Defendants' illegal employment practices of not paying Plaintiff the wages by which he was legally entitled.

## CAUSES OF ACTION

### COUNT I
### Violation of Fair Labor Standards Act
### (Overtime)

26. Plaintiff incorporates by reference all of the preceding allegations and paragraphs as if fully set forth herein.

27. The FLSA mandates that employers must pay non-exempt employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay ("overtime rate") for all hours worked per week in excess of forty (40)("overtime hours").

28. At all times relevant, Plaintiff was Defendants' "employee" pursuant to § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" pursuant to § 207(a)(2) of the FLSA.

29. Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at the rate of time-and-one-half for all overtime hours Plaintiff worked in a given workweek.

30. As set forth above, Plaintiff's primary duties did not consist of work that would render him exempt from payment of overtime hours.

31. As set forth above, Defendants had knowledge that Plaintiff Robert Parker worked about forty-three (43) hours each week. Alternatively, Defendants suffered or permitted Plaintiff to work about forty-three (43) hours each workweek.

32. As set forth above, Defendants failed and refused to pay Plaintiff at his overtime rate of time-and-one-half for all hours over forty (40) that Plaintiff worked each workweek. Defendants paid Plaintiff at his regular hourly rate for all hours worked per week and did not compensate him for his overtime hours as required under the FLSA.

33. Defendants' failure and refusal to pay Plaintiff as required by the FLSA were willful, intentional and not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as will be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
## Violation of Fair Labor Standards Act
## (Retaliation)

34. Plaintiff incorporates by reference all of the preceding allegations and paragraphs as if fully set forth herein.

35. At all times relevant to this suit, Plaintiff was Defendants' "employee" and Defendants were the "employers" of Plaintiff, within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq*.

36. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for an employer to retaliate against an employee for engaging in a protected activity, such as opposing the employer's illegal employment practices or participating in any investigation or proceeding.

37. During the Relevant Period, Plaintiff engaged in a protected activity by opposing the illegal practices of the Defendants' failure to pay overtime as required by the FLSA, retaining counsel, and subsequently complaining to Defendant KB Hauling and Defendant Batten.

38. As a result of the retaliatory conduct, Plaintiff has suffered and, in the future, will continue to suffer economic harm, emotional pain, mental anguish and distress, justifying an award of compensatory damages.

39. Through the actions of its employees and agents, Defendants acted intentionally, maliciously, oppressively, and with willful, callous, wanton and reckless disregard for Plaintiff's rights or with deliberate indifference to the protected rights of Plaintiff, entitling him to monetary damages for each offense.

WHEREFORE, Plaintiff demands judgment against Defendants and seeks the following relief:

    A. Back pay and Compensatory damages in excess of $75,000;

    B.    Punitive damages;

    C.    Prevailing party attorneys' fees, expenses, and costs;

    D.    Pre- and Post-Judgment interest; and

    E.    Other relief as this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage and Hour Law
### (Overtime)

40. Plaintiff incorporates by reference all of the preceding allegations and paragraphs as if fully set forth herein.

41. Plaintiff was Defendants' "employee" and Defendants were the "employers" of the Plaintiff, within the meaning of the MWHL.

42. As the "employer," Defendants were obligated to pay Plaintiff overtime compensation for all hours he worked each week in excess of forty (40). Md. Code Ann., Lab. & Empl. §§ 3-415, 3-420. The MWHL requires Defendants to compensate Plaintiff at the rate of one-and-one-half times (1.5x) his regular hourly rate of pay for all hours he worked in excess of forty (40) each work week ("overtime hours").

43. As set forth above, Plaintiff's primary duties did not consist of work that would render him exempt from receiving payment for his overtime hours.

44. As set forth above, Defendants failed to pay Plaintiff at a rate of time-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked over forty (40).

45. As discussed *supra*, Defendants had actual or constructive knowledge of all hours Plaintiff worked, including overtime hours. Nevertheless, Defendants willingly and knowingly failed and refused to pay Plaintiff at one-and-one-half times (1.5x) his regular rate for hours worked over forty (40) each workweek as required by the MWHL.

WHEREFORE, Defendants are liable to Plaintiff under Count III for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT IV
### Violation of Maryland Wage Payment and Collection Law
### (Overtime)

46. Plaintiff incorporates by reference all of the preceding allegations and paragraphs as if fully set forth herein.

47. Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

48. Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

49. As detailed above, Defendants failed to compensate Plaintiff at the rate of time-and-one-half for all hours worked over forty (40) each workweek.

50. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work he performed, including his wages for overtime at a rate of one-and-one-half times (1.5x) Plaintiff's regular hourly rate.

51. As detailed above, Defendants failed and refused to pay Plaintiff for all work performed at Defendant Company during his employ.

52. Defendants' failure and refusal to pay all of the wages due to Plaintiff was not the result of any *bona fide* dispute.

WHEREFORE, Defendants are liable to Plaintiff Under Count IV for three times (3x) the amount of all unpaid wages, including overtime wages, that Defendants failed to pay Plaintiff, for

attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed to him, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as this Court deems proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted,

/s/ Michael K. Amster

Michael K. Amster, Esq. (CPF No. 1107150001)
Curtis F. Carr Jr., Esq. (CPF No.: 2009220003)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
Tel: (301) 587 – 9373
Fax: (240) 839 – 9142
mamster@zagfirm.com
ccarr@zagfirm.com

*Counsel for Plaintiff*

Date: March 22, 2022