**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| ROBERT BAILEY PARKER | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:22-cv-00697-AAQ |
| KB HAULING, LLC, *et al.* | * | |
| Defendants | * | |

### MEMORANDUM OPINION

This is a dispute over unpaid overtime wages and alleged retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq* and Maryland state law.  Pending before the Court is a Joint Motion and Memorandum for Approval of Settlement of said dispute between the parties pursuant to 29 U.S.C. § 216.  For the reasons discussed below, the Joint Motion shall be GRANTED, and the case will be DISMISSED.

### BACKGROUND

According to the parties' Joint Motion and Memorandum in support, Plaintiff Robert Bailey Parker ("Plaintiff" or "Mr. Parker") worked as a truck driver and dispatcher for Defendant KB Hauling, LLC ("KB Hauling"), which is owned and operated by Defendant Kenneth Batten. ECF No. 25, at 1-2.  During the course of Mr. Parker's alleged employment, he worked 167.15 overtime hours, but was paid only a regular rate of pay for such overtime work.  *Id*. at 2.  Plaintiff asserts, as a result, he is owed $1,867.00 in unpaid overtime wages.  *Id.*  Plaintiff bases his calculation on the Fair Labor Standards Act ("FLSA") mandate that employees be paid one-and-one half times their regular rate of pay for overtime hours worked.  ECF No. 1 at ¶ 27. Defendants, for their part, maintain that Plaintiff was paid for services as a driver, but was not "under their

employment." ECF No. 11, at ¶ 5. Defendants also deny that they have failed and/or refused to pay Plaintiff any wages he may have rightfully earned as required by the FLSA, the Maryland Wage and Hour Law ("MWHL") and the Maryland Wage Payment and Collection Law ("MWPCL"). *Id.* at ¶ 20.

On February 16, 2022, Plaintiff's counsel sent a demand letter to Defendants, outlining a claim for unpaid overtime wages. *Id.* at ¶ 22. On or about February 25, 2022, Plaintiff was terminated from his employment at KB Hauling. *Id.* at ¶ 24. Plaintiff asserts that such termination was an act of retaliation for "contesting Defendants' illegal employment practices." ECF No. 1, at ¶ 24. Defendants deny this assertion. ECF No. 11, at ¶ 25.

Plaintiff filed his Complaint in this case on March 22, 2022, seeking all unpaid overtime wages, liquidated damages, interest, attorneys' fees, costs and any and all other relief deemed appropriate by the Court under the FLSA. ECF No. 1, at 6. As part of his retaliation claim, Plaintiff sought back pay and compensatory damages in excess of $75,000 and punitive damages. *Id.* at 6-7. In addition, Plaintiff brought claims under the MWHL and the MWPCL for failure to pay overtime wages. *Id.* at 8-10.

Following informal discovery, including the exchange of time and pay records, counsel for the parties filed the present Joint Motion and Memorandum for Approval of Settlement Agreement on July 14, 2022. ECF No. 25.

## STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts should approve settlements that "reflect a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*,

No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In making such a determination, typically, district courts in the Fourth Circuit "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* at *3 (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *1 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D. Md. 2010)).  Courts should ensure there is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," by evaluating: (1) whether there are FLSA issues actually in dispute; (2) the fairness and reasonableness of the settlement in light of the relevant factors; and (3) the reasonableness of the attorneys' fees, if included in the agreement.  *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Kome, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011)).

## DISCUSSION

The parties have asked the Court to approve their proposed Settlement Agreement and dismiss this case.  I find that approval is proper as the settlement agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.  In addition, the award of attorneys' fees has been reached independently of the Settlement Agreement pursuant to a preexisting agreement in place between Plaintiff and his counsel.

### A.  There is a *Bona Fide* Dispute Between the Parties.

To determine whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, the Court should examine the pleadings in the case, along with representations and recitals in the proposed settlement agreement.  *See Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 408 (D. Md. 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16-17).

Plaintiff's Complaint maintains that Plaintiff was an employee of KB Hauling, while Defendants dispute this assertion. Disagreements as to the employment status of individuals constitute *bona fide* disputes. See *Portero v. Abuobaid*, No. DKC-14-2108, 2015 WL 1061988, at *1 (D. Md. Mar. 10, 2015) (finding a *bona fide* dispute where the parties disagreed as to whether Plaintiff was an employee or independent contractor as defined under the FLSA).

In addition, the parties disagree as to whether Plaintiff's termination in late February 2022 constituted an act of retaliation in response to Plaintiff's demand letter. Defendants have also asserted multiple affirmative defenses to the claims in the case. ECF No. 11. *See De La Cruz v. Chopra*, No. DKC 18-0337, 2018 WL 2298717, at *1, *2 (D. Md. May 21, 2018) (finding a *bona fide* dispute where the parties disagreed as to proper rate of payment to plaintiff for overtime hours and defendants asserted affirmative defenses).

As a result of these issues, I find a *bona fide* dispute clearly exists between the parties under the FLSA.

**B. The Settlement Agreement is Fair and Reasonable.**

In assessing whether the settlement is fair and reasonable, the Court should evaluate six factors: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel…; and (6) the probability of plaintiffs' success on the merits and the amount of settlement in relation to potential recovery.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

To begin, the parties have engaged in informal discovery including the exchange of "time and pay records." ECF No. 25, at 2. Based on such discovery, the parties were able to come to a

mutual agreement as to the "exact number of overtime hours Plaintiff worked and amount of unpaid overtime due to Plaintiff." *Id.* In addition, the parties were able to reach an agreement regarding the amount of liquidated damages to be paid to Plaintiff, prior to engaging in expensive discovery. *Id.* at 3.

As to factor two, the parties have yet to engage in formal discovery, but Defendants have filed an Answer asserting a number of affirmative defenses. ECF No. 11. Given that the parties contest both the status of Plaintiff's employment and the facts surrounding his termination, the parties maintain that litigation is likely to be protracted and expensive. ECF No. 25, at 4. The parties have determined settlement to be the best option to "resolve the dispute . . . while minimizing their own further expenditures and potential expenses." *Id.* at 5. *See Black v. Reviera Enter., Inc.,* No. DLB-19-201, 2020 WL 6544820, at *1, *2 (D. Md. Nov. 6, 2020) (holding settlement agreement was fair and reasonable where parties recognized remaining discovery would require significant investment of time, effort, and financial resources); *Monzon v. Gali Service Indus., Inc*, No. DKC 15-0286, 2015 WL 1650167, at *1, *2 (D. Md. Apr. 13, 2015) (holding settlement agreement was fair and reasonable where parties agreed to settle at "very early stage of the proceedings.").

The third factor revolves around fraud and collusion. The facts and evidence before me display no showing of fraud or collusion, and thus, I "presum[e] that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12. The parties also state that no fraud or collusion exists. ECF No. 25, at 4.

Regarding factors four and five, counsel for both Plaintiff and Defendants represent themselves as "experienced attorneys who practice in this area of law." *Id.* The opinions of counsel regarding the fairness of the resolution are also clearly asserted. Plaintiff's counsel

believes Plaintiff's claims have merit, but acknowledges that with litigation comes risks, delays, difficulties, and uncertain outcomes. *Id.* Plaintiff's counsel believes that the settlement is "fair, reasonable, adequate, in accordance with the law, and the best interests of Plaintiff." *Id.* Defendants' counsel likewise believes the settlement agreement's terms are reasonable, noting that Defendants have already expended time and other resources on the case, and wish to settle to minimize their own future expenses. *Id.* at 5.

Finally, factor six contemplates the probability of Plaintiff's success on the merits and the amount of settlement in relation to potential recovery. Plaintiff's success on the merits depends on a resolution in his favor as to the *bona fide* dispute of both his status as an employee and whether his termination was an act of retaliation. Pursuant to settlement, Plaintiff will receive both the entirety of his unpaid wages, $1,867.00, as well an additional $1,867.00 to account for any harm to him from the delay in payment. *Id.* at 2. This figure is fair and reasonable considering that, under the terms of the settlement, Plaintiff recoups the entirety of his unpaid wages and that, if the litigation moves forward, he may not recover at all. *See De La Cruz,* 2018 WL 2298717, at *2 (finding a fair and reasonable settlement after taking into consideration the fact that "losing on the issue of Defendants' FLSA liability would result in no recovery of overtime pay [for plaintiff] . . .").

The Settlement Agreement before me does contain a general release of claims that exceeds those specified in the Complaint. Such a release can render the Settlement Agreement unreasonable. *Duprey*, 30 F.Supp.3d at 410 (referencing *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010)). However, so long as the "employee is compensated reasonably for the release executed, the settlement can be accepted" and I do not need to consider the "reasonableness of the settlement as to the non-FLSA claims." *Id.* at 411. As noted above,

6

Plaintiff, under the terms of the Agreement, will receive the entirety of his unpaid wages, as well as an additional amount doubling his recovery.

Taking all the aforementioned factors into account, I find the Settlement Agreement presented to be fair and reasonable.

### C.  The Settlement Agreement Awards Reasonable Attorneys' Fees.

The Settlement Agreement must also contain reasonable provisions regarding attorneys' fees.  *Id.*  Here, settlement was reached "independent of the issue of Plaintiff's attorneys' fees and costs." ECF No. 25, at 5.  Plaintiff's attorneys' fees and costs will be paid pursuant to a separate, preexisting agreement in place between Plaintiff and his counsel.  *Id.*  In addition, the parties maintain that "no attorney fees or costs will infringe on Plaintiff receiving his full relief of unpaid wages and liquidated damages." *Id.*

**CONCLUSION**

For the reasons stated above, the Joint Motion for Judicial Approval of Settlement will be GRANTED and this case shall be DISMISSED with prejudice.

So Ordered.

Date: August 1, 2022                                     _____/s/_____
                                                                        Ajmel A. Quereshi
                                                                        United States Magistrate Judge